**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CASEY MODIRI,<br>Plaintiff,<br>v.<br>BARCLAYS BANK DELAWARE,<br>Defendant. | Case No. 26-cv-02549-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Re: ECF No. 12] |

Before the Court is *pro se* Plaintiff Casey Modiri's motion to remand, which includes a request to recoup associated costs under 28 U.S.C. § 1447(c). *See* ECF No. 12 ("Mot."). Defendant Barclays Bank Delaware filed an opposition to Plaintiff's motion, and Plaintiff filed a reply. *See* ECF No. 13 ("Opp."); ECF No. 14 ("Reply").

The Court finds that the matter is suitable for disposition without oral argument and VACATES the hearing set on July 30, 2026. *See* Civ. L.R. 7-1(b). The motion to remand is DENIED for the reasons discussed below.

## I. BACKGROUND

Plaintiff filed suit against Defendant Barclays Bank Delaware in the Small Claims Division of the Santa Clara County Superior Court on January 5, 2026. *See* ECF No. 1 ("Not. of Removal"), Ex. A ("Compl."). Plaintiff alleges that Defendant violated the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., by reporting an incorrect Date of First Delinquency and failing to conduct a reasonable investigation after multiple disputes. *See id*. ¶ 3. Plaintiff seeks statutory damages and actual damages for the distress and time lost due to Defendant's actions. *See id.* On March 24, 2026, Defendant removed the action to this Court on the basis of federal question jurisdiction. *See* Not. of Removal. ¶ 2.

## II. LEGAL STANDARD

"Removal permits a defendant to bring to federal court a suit initially filed in state court—*if* the federal court could have exercised original jurisdiction in the first instance." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1441(a), (b)). Original "federal question" jurisdiction exists in a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *In re NOS Commc'ns, MDL* No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). After removal, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The right to remove is waivable. *See Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018). "One way to do so is by agreeing to a forum selection clause that designates an exclusive venue." *Paradigm Sols. Grp., Inc. v. Shanghai Precision Tech. Corp.*, No. 15-cv-539, 2015 WL 3466017, at *2 (S.D. Cal. June 1, 2015).

## III. DISCUSSION

As a threshold matter, Plaintiff's complaint includes only federal claims under the FCRA, clearing the bar that the well-pleaded complaint rule establishes. Compl. ¶ 3; *see* 15 U.S.C. §§ 1681 et seq.

Despite the existence of a federal question, Plaintiff argues that two independent grounds justify remand under 28 U.S.C. § 1447(c). Mot. at 2. The first is a forum selection clause in the "Arbitration" Section of Defendant's Cardholder Agreement. *Id.* The second is the twelfth affirmative defense in Defendant's answer, which asserts that Plaintiff lacks Article III standing to bring this action. *See id.* (discussing ECF No. 7 ("Ans.") at 4). Because lack of standing deprives the court of Article III jurisdiction, the Court first addresses that issue.

### A. Standing

Plaintiff argues that the Ninth Circuit's holding in *Polo v. Innoventions International, LLC*,

833 F.3d 1193 (9th Cir. 2016), necessitates remand because Defendant pled, as an affirmative defense, that Plaintiff lacked Article III standing. But this is a mischaracterization of that case. Under *Polo,* remand of a removed case is required under 28 U.S.C. § 1447(c) if a district court *determines* that a plaintiff lacks Article III standing, since that finding would destroy the court's subject matter jurisdiction. *Id.* at 1196. As Defendant correctly explains, Opp. at 7, *Polo* does not stand for the proposition that an answer that raises Article III standing as an affirmative defense deprives the Court of subject matter jurisdiction.

Because "ultimate responsibility to ensure jurisdiction lies with the district court," *Polo*, 833 F.3d at 1196, the Court evaluates whether Plaintiff has standing here. "[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff bears the burden of establishing that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized." *Id.* at 339.

As Defendant correctly points out, Opp. at 7, Plaintiff alleges that Defendant violated the FCRA by incorrectly reporting Plaintiff's delinquencies, leading to "ongoing harm, stress, and significant time spent correcting [Defendant's] errors." Compl. ¶ 3.a. The Court finds that Plaintiff has alleged a concrete and particularized harm—lost time and energy—stemming from Defendant's alleged conduct. Other than the reference to Defendant's affirmative defense, Plaintiff does not argue that standing is lacking. Accordingly, the Court finds no reason on this record to conclude that Plaintiff is without Article III standing.

### B. Mandatory Forum Provision

Plaintiff also contends that Defendant's alleged waiver of its right to removal deprives the court of subject matter jurisdiction. Mot. at 4-5. Plaintiff's argument is predicated on the Arbitration section of Defendant's Cardholder Agreement, which governs actions taken "if either you or we choose to refer the Claim to arbitration." *See id.* at 8; ECF No. 12-1 ("Modiri Decl."), Exh. E at 8 ("Agreement"). Plaintiff specifically relies on the following provision:

> If any Claim is advanced in a court, arbitration may be elected under this provision instead, and the right to elect arbitration shall not be deemed to have been waived if the election is made at any time before commencement of trial. Alternatively, you or we may pursue a Claim within the jurisdiction of the Justice of the Peace Court in Delaware, or the equivalent court in your home jurisdiction, *provided that the action remains in that court,* is made on behalf of or against you only and is not made part of a class action, private attorney general action, or other representative or collective action. You and we agree to honor a request by the other to remove an action to *these small claims courts* (i.e. Justice of the Peace Court in Delaware or the equivalent court in your home jurisdiction) . . . .

*See* Agreement at 9 (emphasis added).

According to Plaintiff, the phrase "remains in that court" is a forum selection clause that imposes a "mandatory continuing obligation" to bring disputes in small claims court, thereby necessitating remand under section 1447(c). Mot. at 4. Defendant counters that section 1447(c) does not bear on this case because a forum selection clause neither implicates subject matter jurisdiction nor constitutes a jurisdictional "defect." Opp. at 3.

Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court agrees with Defendant that section 1447(c) is not implicated in this case. Forum selection clauses do not undermine subject matter jurisdiction, nor does the Ninth Circuit consider such clauses to constitute a "defect" for purposes of section 1447(c). *See Kamm v. ITEX Corp.,* 568 F.3d 752, 754 (9th Cir. 2009) (citing *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 12 (1972)) ("[A] forum selection clause does not deprive a federal court of subject matter jurisdiction."); *id.* at 757 ("We therefore hold that a forum selection clause is not a 'defect' within the meaning of § 1447(c) . . . .").

The Court next turns to Plaintiff's argument that the Agreement's forum selection clause amounts to a contractual waiver of Defendant's right to remove. Defendant avers that the phrase "remains in that court" merely authorizes a party to pursue a claim in small claims court as an alternative to arbitration and is not "an independent promise by [Defendant] never to remove a federally cognizable claim." Opp. at 4. In Defendant's view, if it had "intended to waive removal,

United States District Court
Northern District of California

the agreement could have said so directly. It did not." *Id.*

As an initial matter, the Court finds Defendant's interpretation of the relevant contractual provision persuasive. Because the Arbitration section of the Agreement governs actions taken only "if either you or we choose to refer the Claim to arbitration," commencing arbitration is a precondition for the effectiveness of the provision on which Plaintiff focuses. *See* Agreement at 8. Plaintiff claimed to "elect[] small claims court as the independent forum expressly permitted by the Agreement." Mot. at 3. But neither Plaintiff nor Defendant pursued arbitration in this case. *Id.* The Court agrees with Defendant that the phrase "provided that the action remains in that court" is best construed as a condition required to pursue the proffered alternative to arbitration and not as a condition governing all disputes with Defendant.

In light of this view that the contractual provision does not control the circumstances here, the Court disagrees with Plaintiff's contention that "the Ninth Circuit's controlling forum-selection doctrine" necessitates remand. Reply at 1. Some of the cases that Plaintiff references concern forum selection clauses that, unlike here, unambiguously preclude federal litigation. *See City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1309 (9th Cir. 2019) (finding that a forum selection clause designated state court as the exclusive forum); *Docksider, Ltd. v. Sea Tech, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (same); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984) (affirming a district court finding that an unambiguous forum selection clause was valid and enforceable). Other of Plaintiff's cases address forum selection clauses in an entirely different context. *See Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1090 (9th Cir. 2018) (addressing the relationship between a forum selection clause and an antiwaiver provision in a state statute); *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 62 (2013) (determining that a district court should, absent an extraordinary circumstance, enforce a valid forum selection clause by transferring the case). Accordingly, the Court finds Plaintiff's authorities to be distinguishable.

Plaintiff also contends that five independent contract law principles require enforcement of the forum selection clause. Mot. at 5-6. Defendant responds that none of these principles "cure the absence of waiver language." Opp. at 5. The Court agrees with Defendant. Because the Court

finds that the Agreement's forum selection clause is limited in its applicability, the Court also agrees with Defendant that it did not waive its right of removal. The provision that Plaintiff relies on may evince Defendant's intent to remain in small claims court as an alternative to arbitration, but it does not address Defendant's removal rights outside of that context. Other courts in this district are in accord. *See Sanders v. Citibank, N.A.*, No. 25-cv-09362-RFL, 2026 WL 469114, at *1 (N.D. Cal. Feb. 18, 2026) (finding that a similar contractual provision "describes the effect of remaining in small claims court and does not address Citibank's ability to remove cases to federal court or federal court jurisdiction, generally").

Finally, Plaintiff argues that section 1681 of the FCRA, which authorizes a federal court or "any other court of competent jurisdiction" to adjudicate FCRA claims, supports remand. Mot. at 4; 15 U.S.C. § 1681p. The Court disagrees. As discussed above, the Court finds that it has subject matter jurisdiction over this action and further finds that no forum selection clause mandating litigation in state court applies. That federal courts do not have exclusive jurisdiction over FCRA claims does not, in and of itself, compel remand.

In sum, the Court concludes that removal was proper. Accordingly, the Court DENIES Plaintiff's motion to remand.

### C. Request for Costs

Plaintiff has also requested costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case [from federal to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because the Court denies Plaintiff's motion to remand, the Court accordingly DENIES Plaintiff's request for costs.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to remand and request for costs are DENIED.

Dated: July 17, 2026

BETH LABSON FREEMAN
United States District Judge